UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HERMAN N/M/N WILLIAMS, IV** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-0040** |
| **HOUMA POLICE DEPARTMENT, ET AL.** | **SECTION "T"(4)** |

## REPORT AND RECOMMENDATION

Before the Court is a **Motion to Dismiss (Rec. Doc. No. 18)** filed by defendants Roy Williams, Walter Tenny, and Austin Kesterson seeking dismissal of plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. The plaintiff has filed an opposition (Rec. Doc. No. 21). The motion and the entire matter were referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915, and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and (2). On February 13, 2020, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff participating by telephone.[2] Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.     Factual and Procedural Background

The plaintiff, Herman N/M/N Williams, IV ("Williams"), is a pretrial detainee housed in the Terrebonne Parish Criminal Justice Complex. Williams's filed this *pro se* and *in forma*

---

[1]766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what the prisoner alleges occurred and the legal basis for the claims. The information received is considered an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2]Rec. Doc. No. 9.

*pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, the Houma Police Department and Houma City Police Officers Roy Williams, Caleb Mott, Walter Tenny, Austin Kesterson, Joe Renfro, and Chris Duplantis, seeking monetary and injunctive relief.

Williams alleges that he was arrested on February 14, 2019, by the defendant-police officers. He indicates that at the time, he was a fugitive from justice with outstanding warrants for his arrest. On the day of his arrest, he was at the home of a friend when the Houma Police Officers, acting on a tip, knocked at the door in search of him. He attempted to hide in the bathroom closet while his friend opened the door. As the officers entered the home and looked for him, Williams jumped from the closet and three or four of the five named officers tackled him as he tried to exit the back door. He claims that they used excessive force to wrestle him down and twisted him arm causing damage to his rotator cuff. He also claims that the officers punched and "kneed" him and yelled for him to stop resisting.

He claims that he was placed in restraints and then one of the officers repeatedly tasered him. After this, several of the officers carried him by his feet and the restraints into the middle of the street. At that time, he claims that he was held down by Officers Kesterson and Mott while Officer Williams pulled down plaintiff's pants to search between plaintiff's buttocks several times with his hand. He further claims that the other officers, Tenny, Renfro and Duplantis, stood by and watched while he was "physically and sexually assaulted in public."

During the *Spears* Hearing, Williams also testified that he was charged with resisting arrest, aggravated flight, and possession of drug residue from an empty cellophane bag. The charges are still pending. He also reiterated that Mott and Kesterson held him down while Williams searched his body. Williams also threw him into the back of a truck. Tenny, Renfro and Duplantis were also present when the arresting officers punched, kicked, and searched him.

As relief, Williams seeks $100,000 in compensation for his pain, suffering, mental anguish, humiliation, and embarrassment. He also requests payment of his medical bills, dismissal of the charges against him, and suspension without pay for the officers involved.

### III.     **Defendants' Motion to Dismiss (Rec. Doc. No. 18)**

####        A.     **Defendants' Arguments**

Defendants Williams, Tenny, Kesterson, and Renfro filed a motion pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) seeking dismissal of plaintiff's claims for failure to state a claim for which relief can be granted.[3] Defendants assert that Williams's claims are conclusory and legally insufficient. Citing Rule 8, defendants argue that Williams's claims are not specific as to each of the defendant/officers' actions or roles in the arrest and alleged used of force.[4] Defendants also assert that Williams has not alleged a claim against them in an official capacity since none are alleged to be final policy makers. In an individual capacity, defendants argue that Williams has failed to assert excessive force since he was resisting and the officers used force necessary and objectively reasonable for the situation. They further argue that Williams has not stated a claim of bystander liability since he is not clear as to which officers entered the home to arrest him or which witnessed the alleged excessive force. Finally, defendants urge that they are entitled to qualified immunity because the offices acted reasonably in the situation and plaintiff's claims are conclusory.

---

[3]Rec. Doc. No. 18. The record reflects that defendants Mott and Duplantis could not be served at the Houma Police Department because both are no longer employed there. Rec. Doc. Nos. 17, 17-1.

[4]Rec. Doc. No. 18-1.

3

B.     **Plaintiff's Opposition**

Williams opposes the defendants' motion urging the Court to find that his complaint provides a summary of the specific, important facts. He also reiterates that the form complaint he used for filing specifically instructed him not to give legal arguments or citations. He therefore provided his statements of the claims which qualified under Rule 8(A)(2) as a "short and plain statement of the claim showing that the pleader is entitled to relief."[5] In addition, Williams argues that he is not required to prove his claims to defeat the motion, although the Court is require to construe the claims in a light favorable to the non-moving party.

IV.    **Standards of Review**

A.     **Frivolousness Review**

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not

---

[5]Rec. Doc. No. 21, pp. 4-5.

exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**B.     Review of Motions Under Fed. R. Civ. P. 12**

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint if it fails to state a claim upon which relief may be granted. To survive a motion to dismiss, the plaintiff must plead in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Moreover, "'[f]actual allegations must be enough to raise a right to relief above the speculative level,'" and "[t]he plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Guidry*, 512 F.3d 177, 180 (5th Cir. 2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted).

To determine whether a complaint states a claim that is plausible on its face, the Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, as stated above, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 570). For a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged. *See id*.

Furthermore, plaintiff is a prisoner proceeding *pro se* in this action. In *Taylor v. Gibson*, 529 F.2d 709 (5th Cir. 1976), the Court explained that before dismissing the complaint of a prisoner, "[a]n opportunity should be provided [to] the prisoner to develop his case at least to the point where any merit it contains is brought to light." *Id.*, at 713-14. Because of this, before dismissing a prisoner complaint, a district court ordinarily should give the *pro se* litigant an opportunity to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *accord Bruce v. Little*, 568 F. App'x 283, 285 (5th Cir. 2014).

V.  **Frivolousness Review**

    A.  **Fair Notice of Claims**

The Court will conduct the statutorily required frivolousness review before addressing the defendants' Motion to Dismiss. To do so, however, it is incumbent on the Court to note that

Williams's *pro se* complaint is sufficient under Rule 8 to provide fair notice of his intended claims against the defendants. The United States Supreme Court has reiterated the long-standing rule that *pro se* prisoner complaints must be broadly construed in resolving whether a claim has been stated. *Erickson v. Pardus*, 551 U.S. 89 (2007) (prisoner complaint is to be broadly construed for purposes of Fed. R. Civ. P. 8(A) and 12(b)(6)); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (a *pro se* prisoner's pleadings are to be construed broadly and liberally in his favor).

In *Erickson*, the United States Tenth Circuit Court of Appeals affirmed the district court's granting of defendants' motion to dismiss based on qualified immunity because the prisoner-plaintiff purportedly had not alleged facts sufficient to state a claim upon which relief may be granted. In vacating the decision, the Supreme Court reiterated that a plaintiff is <u>not</u> required to plead specific facts; instead, he need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. at 93 (quoting *Twombly*, 550 U.S. at 555). The Supreme Court criticized the Tenth Circuit's departure from the liberal pleading standards set forth in Rule 8(a)(2), particularly since the prisoner was proceeding *pro se* and *pro se* pleadings are to be liberally construed. *Id*. at 94.

Similarly, this Court must broadly construe Williams's *pro se* complaint to determine the sufficiency of the claims alleged to survive statutory frivolousness review and dismissal at the pleading stage. *Oliver*, 276 F.3d at 740. Having done so, the Court finds that Williams has alleged facts to provide fair notice to defendants of his intent to assert claims of excessive force against Officers Williams, Mott, Tenny, Kesterson, Renfro, and Duplantis and bystander liability against Officers Tenny, Renfro, and Duplantis. The Court will now consider whether the claims as alleged against the defendants are frivolous or otherwise fail to state a claim for which relief can be granted under 28 U.S.C. § 1915 and § 1915A.

### B.     Houma Police Department

Williams named the Houma Police Department as a defendant apparently because his arrest was made by officers from that entity. The police department, however, is not a proper defendant and any claims against it should be dismissed as frivolous.

Pursuant to Federal Rule of Civil Procedure 17(b), the capacity to sue or be sued is determined "by the law of the state where the Court is located." In this case, Louisiana law determines whether the Houma Police Department can be sued. To possess such a capacity under Louisiana law, an entity must qualify as a "juridical person." *Dugas v. City of Breaux Bridge Police Dep't*, 757 So. 2d 741, 743 (La. App. 3rd Cir. 2000). Louisiana law provides that "[a] juridical person is an entity to which the law attributes personality." La. Civ. Code art. 24. Louisiana law also provides that a city, not its police department, is a juridical entity capable of suing or being sued. *See* La. Rev. Stat. Ann. § 33:361; *see* also *Francois v. City of Gretna*, No. 13-2640, 2015 WL 846698, at *2 (E.D. La. Feb. 25, 2015). For these reasons, federal courts have consistently held that the city police departments in Louisiana lack juridical capacity. *See*, *e.g.*, *Id*., at *3; *Winding v. City of New Orleans*, No. 14-2460, 2015 WL 222365, at *5 (E.D. La. Jan. 14, 2015); *Burns v. Westwego Police Dep't*, No. 14-2242, 2014 WL 7185449, at *2 (E.D. La. Dec. 16, 2014); *Martin v. Davis*, No. 06-1770, 2007 WL 763653, at *2 (E.D. La. Mar. 8, 2007).

Because the Houma Police Department is not capable of being sued, it is not a proper party and the claims against it must be dismissed as frivolous or for failure to state a claim for which relief can be granted.

### C. <u>**Defendants in an Official Capacity**</u>

Williams has not indicated whether he has named the defendants/police officers in an individual capacity or an official capacity. To the extent Williams may have intended to seek relief against the defendants in an official capacity, his claims are frivolous.

Under § 1983, suit against defendants in an official capacity "generally represent only another way of pleading an action against an entity of which the officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (internal quotations and citation omitted). Williams's claims against Officers Williams, Mott, Tenny, Kesterson, Renfro, and Duplantis in an official capacity are effectively brought against the City of Houma as the municipality by which they are employed. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2006). To state a claim of municipal liability for any constitutional violations, Williams must show that any constitutional deprivations were caused by (1) an official policy or custom; (2) promulgated by the municipal policy-maker; (3) that was the moving force behind the violation of his constitutional rights. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 694 (1978)). Municipal liability cannot be established on the basis of *respondeat superior* simply because a defendant is employed by the city or local governing entity. *Monell*, 436 U.S. at 694. A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it "through some official action or imprimatur." *Piotrowski*, 237 F.3d at 578.

Official policy may be a policy statement, ordinance, regulation, or decision that has been officially adopted and promulgated by the final policy maker. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*). In addition, official policy may arise in the form of a

9

wide-spread practice that, while unofficial, is "so common and well-settled as to constitute a custom that fairly represents municipal policy. *Piotrowski*, 237 F.3d at 579 (quoting *Webster*, 735 F.2d at 841).

In this case, Williams has alleged no facts suggesting that the City of Houma through its police department either had an official policy or a wide-spread practice that compelled the defendants/police officers as its employees to deprive individuals of their rights through the excessive use of force. His allegations are insufficient to state a § 1983 claim against the defendants in an official capacity. Accordingly, Williams's claims, if any, against the defendants in their official capacity should be dismissed with prejudice as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. § 1915 and § 1915A.

   **D.**   **Excessive Force Claims**

Williams claims that all of the named officers were involved in the use of force to tackle him, wrestle him to the ground, and then beat and kick him while forcing his arm in a manner to twist his rotator cuff. He also alleges that officers then restrained him and allowed one of the officers to repeatedly taser him. He then claims that Officers Williams, Mott, and Kesterson, used excessive force when they held him down to conduct the strip search leading to his arrest. The Fourth Amendment protects a person being arrested from the use of excessive force. *See Gutierrez v. City of San Antonio*, 139 F.3d 441, 452 (5th Cir. 1998). "[A]ll claims that law enforcement officers have used excessive force - deadly or not - in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original).

In applying *Graham*, the Fifth Circuit uses a three-part test that requires a plaintiff to show (1) that he suffered an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of the force was clearly unreasonable. *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016) (citation omitted); *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005) (citation omitted).

The alleged injury, though not required to be significant, must be more than *de minimis*. *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007) (citing *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001)). "The determination of whether a plaintiff's alleged injury is sufficient to support an excessive force claim is context-dependent and is 'directly related to the amount of force that is constitutionally permissible under the circumstances.'" *Freeman*, 483 F.3d at 416 (quoting *Ikerd v. Blair*, 101 F.3d 430, 435 (5th Cir. 1996)).

The issue of reasonableness centers on whether the officer's actions are "objectively reasonable" in light of the facts and circumstances with which he is faced, without regard to the officer's underlying intent or motivation. *Graham*, 490 U.S. at 397 (citation omitted); *Ramirez v. Knoulton*, 542 F.3d 124, 129 (5th Cir. 2008). The reasonableness of the force "must be judged from the perspective of a reasonable officer on the scene, rather than the 20/20 vision of hindsight." *Id*. at 396; *Ramirez*, 542 F.3d at 128. Determining whether the force used was reasonable "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396 (citation omitted); *Ramirez*, 542 F.3d at 129. Thus, the assessment of reasonableness must take into account "that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of

force that is necessary in a particular situation." *Id.* at 396-97; *Flores v. City of Palacios*, 381 F.3d 391, 399 (5th Cir. 2004) (reasonableness is a balancing test between the force used and the need for force).

Accepting the allegations as broadly construed above, Williams has asserted that officers used excessive force, including physical holds, hits, punches, and tasering, during his arrest and after he was restrained on the ground, which resulted in injury to his body and rotator cuff, as well as embarrassment and other emotional distress. Williams's allegations also suggest that these officers knowingly and purposefully used this force in an objectively unreasonable manner. *Pena v. City of Rio Grande City*, 879 F.3d 613, 619 (5th Cir. 2018); *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2473 (2015). Williams's allegations further indicate that the actions of these officers caused him to suffer more than *de minimis* injuries. *See Sam v. Richard*, No. 17-305593, 2018 WL 1751566, (5th Cir. Apr. 12, 2018) (recognizing that "even insignificant injuries may support an excessive force claim, as long as they result from unreasonable excessive force"). This is especially so considering Williams's claims that he was tackled and wrestled to the ground causing his arms to twist and injury to his shoulder, he was punched and kneed about the body, and, after being carried away in handcuffs, he was placed on the ground and tasered multiple times before being held down for the strip search. *See Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017) (holding that "[a]ny force found to be objectively unreasonable exceeds the *de minimis* threshold"). At this stage, Williams has at least alleged the unreasonable use of excessive force during his arrest which led to some injury. Williams's claims as alleged are not frivolous and should be allowed to proceed.

However, Williams advised the Court that, in addition to the drug charge, he was arrested for resisting arrest and aggravated flight from the officers[6] and all charges remained pending at the time of the *Spears* Hearing. Both resisting an officer and aggravated flight as defined in Louisiana law include elements of resistance, violence, and danger to the officers. *See* La. Rev. Stat. Ann. § 14:108 & § 14:108.1.

Thus, Williams has been charged with crimes that involve evaluation of his level of resistance and opposition to the officers. However, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court espoused a doctrine that would bar review of such claims of doing so could invalidate a conviction:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 486-87 (footnote omitted).

Williams's resisting arrest and aggravated flight criminal charges necessarily call into question the element of the officers' reasonableness under his excessive force claims, specifically the amount of force reasonably needed to curtail and restrain him during his arrest in light of any alleged efforts to evade that arrest. It is true that not every claim of excessive force will "invariably

---

[6]Because there was no car involved in the facts alleged, it is unclear on what facts the aggravated flight charge was based. *See* La. Rev. Stat. Ann. § 14:108.1.

invalidate [a] conviction." *Arnold v. Town of Slaughter*, 100 F. App'x 321, 323 (5th Cir. 2004). However, when the facts pleaded by a plaintiff necessarily imply the invalidity of his conviction, a § 1983 claim is *Heck*-barred. *Id*. at 324; *see also DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656-57 (5th Cir. 2007); *Daigre v. City of Waveland*, 549 F. App'x 283, 285 (5th Cir. 2013). In this case, it appears that any ruling (credibility or otherwise) on Williams's excessive force claims could call into question any future conviction for resisting arrest and aggravated flight (and Williams's defenses thereto). *See Arnold*, 100 F. App'x at 325 (where a plaintiff alleged that he did nothing wrong and was viciously attacked for no reason, his claim was barred because it squarely challenged the factual determination that underlay his conviction for resisting an officer); *Baranco v. Wilson*, No. 16-573, 2018 WL 3076724, at *6-7 (M.D. La. Jun. 21, 2018) (plaintiff's claim barred by *Heck* because his resistance would directly challenge the reasonableness of the force used).

If Williams is convicted of resisting arrest or aggravated flight, he may not be entitled to seek relief for these excessive force claims until the convictions are reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. While the rule in *Heck* presumes that there has already been a conviction rather than pending criminal matters, a successful excessive force claim could impact and even invalidate any future conviction on those charges. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (finding that the *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges). When the intertwined and related charges are still pending, the federal courts may stay civil rights claims that attack the legality of a detainee's arrest, prosecution, and detention until the allegedly improper state prosecution concludes. *See Kato*, 549 U.S. at 393-94;

14

*see also Hopkins v. Ogg*, 783 F. App'x 350, 355 & n.20 (5th Cir. 2019) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)).

The Court, therefore, recommends that Williams's excessive force claims be **STAYED** until the criminal proceedings against him, including any future appeal, are finally resolved. If Williams ultimately is convicted, *Heck* will require dismissal of any claims in this lawsuit that would imply the invalidity of his conviction until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the Heck conditions are met"). If Williams is not convicted or the conflicted charges are dropped, this lawsuit may proceed, absent some other bar to suit. *See Kato*, 549 U.S. at 394. At this time, however, the excessive force claims must be stayed.

### E. By Stander Liability Claims Against Officers Tenny, Renfro, and Duplantis

After describing the incidents of excessive force by all of the officers above, Williams claims that Officers Tenny, Renfro, and Duplantis stood by and did not intervene in the use of force by the other officers when he was held down in the street and stripped searched. The claims are broadly construed to invoke liability under the widely accepted "bystander liability" doctrine.

The United States Fifth Circuit has held that when an officer is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be found to have violated a federal right under § 1983 through a theory of bystander liability. *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995). Specifically, an officer may be liable if "the officer '(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.'" *Whitley v. Hanna*,

726 F.3d 631, 646 (5th Cir. 2013) (quoting *Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 204 (4th Cir. 2002) and citing other supporting cases).

In this case, Williams's bystander liability claims rest on a determination as to whether the other defendants acted unreasonably and used excessive force against Williams that would have required intervention by the observing officers. This Court, however, cannot now entertain Williams's claims of excessive force and must stay those claims pending resolution of Williams's resisting arrest and aggravated flight charges. For this reason, the Court must also **STAY** Williams's bystander liability claims until the reasonableness of the force used by the other officers can be considered to correctly evaluate any bystander liability.

## VI. Defendants' Motion to Dismiss

The Court has resolved on its statutory review that Williams's claims of excessive force and bystander liability are not frivolous but are premature under *Heck* in light of his pending related and intertwined criminal charges. For this reason, the defendants' motion is also premature in seeking dismissal of claims that may not have accrued or be properly before the Court at this time. Because the Court finds Williams's § 1983 claims are premature under *Heck* and *Kato*, the Court also cannot reach defendants' qualified immunity defense asserted in the pending motion to dismiss. *See Connors v. Graves*, 538 F.3d 373, 378 (5th Cir. 2008). As such, the defendants' Motion to Dismiss (Rec. Doc. No. 18) should be denied without prejudice to be re-urged if appropriate should the case be reopened.

## VII. Recommendation

It is therefore **RECOMMENDED** that Williams's § 1983 claims against the Houma Police Department be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915 and § 1915A.

It is further **RECOMMENDED** that the **Motion to Dismiss (Rec. Doc. No. 18)** filed by defendants Williams, Tenny, Kesterson, and Renfro be **DISMISSED WITHOUT PREJUDICE**.

It is further **RECOMMENDED** that Williams's § 1983 claims of excessive force against defendants Williams, Mott, Tenny, Kesterson, Renfro, and Duplantis and his § 1983 claims of bystander liability against defendants Tenny, Renfro, and Duplantis be **STAYED** and the matter **CLOSED** for administrative and statistical purposes to be reopened upon properly filed motion by any party within thirty (30) days of the issuance of the state courts' final ruling or judgment on Williams's state law criminal charges of resisting arrest and aggravated flight. Williams should instructed that failure timely to file the motion to reopen could waive his opportunity to proceed with this civil action.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[7]

New Orleans, Louisiana, this 14th day of July, 2020.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[7]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.